UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| AhR Pharmaceuticals, Inc.,<br><br>   Plaintiff,<br><br>  v.<br><br>Shanghai Tangrun Pharmaceuticals, Co. Ltd., Shanghai Zhengene Pharmaceuticals, Co. Ltd., Shenzhen Chuangxin Huishi Biotechnology Co., Ltd (d/b/a Shenzhen Immunova Pharmaceuticals, Co. Ltd.), and Suoming Zhang, an individual,<br><br>   Defendants. | Case No. 3:18-cv-01069-WMC<br><br>**RULE 26(F) JOINT REPORT** |

  Pursuant Federal Rule of Civil Procedure 26(f) and this Court's Standing Order Governing Preliminary Pretrial Conferences, the parties respectfully submit their FRCP 26(f) Report, following their FRCP 26(f) conference of the parties on May 10, 2019.

1. **Concise Description of the Nature of the Case**

  a. **Plaintiff's Position**

  AhR was founded in 2005 by Dr. Jiasheng (Jason) Song to develop a compound, ITE, as a potential anti-cancer agent. In 2014, Dr. Song engaged the services of Defendants Suoming Zhang and Tangrun Pharmaceuticals ("Tangrun") to assist in improving the ITE synthetic route. The parties signed a Master Service Agreement ("MSA") that provided that all intellectual property created as a result of the partnership belong to AhR. Mr. Zhang and Tangrun also agreed "to protect the confidentiality of any and all Information disclosed to [Tangrun] by AhR Pharma or developed by [Tangrun] for AhR Pharma."

  AhR was forced to bring this complaint to enforce its rights under the MSA after learning

1

that Defendants secretly and improperly used AhR's confidential intellectual property to develop certain ITE structural analogs. AhR seeks compensation for Defendants' alleged unlawful actions and to stop Defendants from further misusing AhR's intellectual property and confidential information.

AhR alleges that the Defendants have (1) breached the terms of the MSA agreement; (2) breached the covenant of good faith and fair dealing implied in the MSA; (3) committed fraud by misrepresenting their intention to abide by the terms of the MSA; (4) been unjustly enriched because they have derived a benefit from AhR in the form of confidential information that AhR provided under the confidentiality provisions of the MSA; (5) converted AhR's property by making and testing certain ITE analogs, belonging to AhR, which have physical properties and at all relevant times are or were AhR's tangible property; (6) violated Wisconsin Trade Secrets Act, Wis. Stat. § 134.90 and (7) Federal Defend Trade Secrets Act, 18 U.S.C. § 1836, by improperly using and disclosing AhR's proprietary and confidential information related to the ITE analogs and the ITE synthetic route and their development. Further, AhR is seeking a declaratory ruling from this Court establishing the rights and obligations of the parties with respect to AhR's trade secrets and/or other confidential information under the MSA, and the entry of an order for injunctive relief prohibiting Defendants from using or disclosing AhR's trade secrets and/or other confidential information.

b. **Defendants' Position**

The Defendants deny all allegations of wrongdoing; dispute jurisdiction and standing; dispute that the Complaint states claims upon which relief may be granted; allege affirmatively that Plaintiff has engaged in misuse of its claimed intellectual property rights; allege affirmatively

that Plaintiff's claims are barred by waiver and estoppel; and allege affirmatively that Plaintiff claims property rights belonging to Defendants.

2. **Related Cases.**

There are no related cases pending.

3. **Statement of Material Factual and Legal Issues.**

The parties anticipate that the following issues of fact and law may need to be resolved during the course of this case or trial:

a. **Jurisdictional Issues**

- Whether AhR has rights to enforce the MSA and has standing to bring all counts of the complaint.

- Whether Ariagen, Inc. should be added as a party to the lawsuit.

- Whether this court has personal jurisdiction over Zhengene and Immunova.

- Whether this court has subject matter jurisdiction.

- Whether AhR has adequately plead each count of the complaint.

b. **Merits Issues**

- Whether Mr. Zhang and Tangrun agreed to protect the confidentiality of all information disclosed to Tangrun by AhR Pharma or developed by Tangrun for AhR Pharma.

- Whether AhR provided confidential information to Mr. Zhang and Tangrun.

- Whether the confidential information provided by AhR to Mr. Zhang and Tangrun enabled Defendants to begin and accelerate their development of ITE analogs.

- Whether the confidential information provided by AhR to Mr. Zhang and Tangrun was wrongfully used by Defendants, secretly and without permission, in violation of the MSA.

- Whether the confidential information provided by AhR to Mr. Zhang and Tangrun Pharmaceuticals was wrongfully used by Defendants, secretly and without permission, in breach of the Covenant of Good Faith and Fair Dealing.

- Whether Defendants misrepresented their intentions to abide by the terms of the MSA.

- Whether Defendants converted AhR Pharma's property by making and testing certain ITE analogs which have physical properties and at all relevant times are or were AhR Pharma's tangible property.

- Whether the confidential information provided by AhR to Mr. Zhang and Tangrun Pharmaceuticals was wrongfully used by Defendants to file several Chinese patent applications related to said confidential information.

- Whether Defendants abused corporate formalities when they filed Chinese and international patents in an attempt to shield their actions from discovery by filing these patent application under another company's name, Zhengene.

- Whether Defendants abused corporate formalities when they filed Chinese and international patents in an attempt to shield their actions from discovery by subsequently assigning these patent applications to yet a different company, Immunova.

- Whether Zhenegene and Immunova are alter egos of Mr. Zhang and/or Tangrun Pharmaceuticals.

- Whether AhR suffered damages as a result of the actions of Mr. Zhang, Tangrun, Zhengene and/or Immunova.

4. **Proposed Schedule**

    a. **Amendments to the Pleadings.**

    The parties request to be permitted to amend pleadings as a matter of right until August 23, 2019.

    b. **Identity of New Parties to be Added.**

    The parties request to be permitted to add parties as a matter of right until June 28, 2019. At this time, the party that may be added is Ariagen Inc.

5. **Estimated Length of Trial.**

    The parties estimate that they will need 4 days for trial.

6. **Other Matters.**

    a. The parties contemplate filing dispositive motions to be filed at least five (5) months before the scheduled trial date.

    b. The parties agree that service of documents not required to be filed with the Court may be made via email.

7. **Settlement Discussions.**

    To date, the parties have engaged in very preliminary settlement discussions.

8. **Discovery Plan.**

    a. *Changes in timing, form or requirement for Rule 26(a) disclosures.*

    The parties agree that they shall serve their initial disclosures on each other on or before July 12, 2019.

    The parties agree that disclosures required by Rule 26(a)(3) shall be made as instructed by the Court.

b. *Subjects of discovery, deadline for discovery and whether discovery is to be conducted in phases.*

Discovery may be needed on all of the allegations in the complaint and on all of the allegations, defenses and affirmative defenses in the answers.

The parties propose that the discovery cut-off be set for 60 days prior to scheduled trial.

c. *Issues about disclosure, discovery or preservation of electronically stored information.*

The parties likely will request discovery of electronically stored information. Electronically stored information shall be produced in according to the terms of an ESI Order to be separately negotiated by the parties to be submitted to the Court.

d. *Issues regarding claims of privilege or protection of trial preparation materials.*

At this time, the parties do not request that the Court enter an Order under Federal Rule of Evidence 502(d). The parties will separately negotiate a Protective Order to be submitted to the Court.

e. *Changes to limitations on discovery.*

The parties do not anticipate needing any changes to the limits imposed on discovery by the Federal Rules of Civil Procedure.

f. *Other orders.*

The parties jointly propose the following additional case deadlines:

- Submission of proposed ESI order and proposed Protective order: June 28, 2019

- Opening expert reports, on which a party has the burden of proof: December 20, 2019

- Rebuttal expert reports: February 7, 2020

Dated: May 16, 2019                     Respectfully submitted by:

| | |
|---|---|
| STAFFORD ROSENBAUM LLP | BOARDMAN & CLARK LLP |
| By:*Electronically signed by Meg Vergeront*<br>Meg Vergeront<br>Richard A. Latta | By: *Electronically signed by Richard L. Bolton*<br>Richard L. Bolton |
| 222 West Washington Avenue, Suite 900<br>Post Office Box 1784<br>Madison, Wisconsin 53701-1784<br>Email:  mvergeront@staffordlaw.com<br>           rlatta@staffodlaw.com<br>           kengelke@staffordlaw.com<br>Telephone:   (608) 256-0226 | 1 S. Pinckney Street, Suite 410<br>P.O. Box 927<br>Madison, WI  53701-0927<br>Email: rbolton@boardmanclark.com<br>Telephone: (608) 257-9521 |
| COOLEY LLP | MORGAN, LEWIS & BOCKIUS LLP<br>Benjamin P. Smith |
| Susan M. Krumplitsch (admitted *pro hac vice*)<br>Lam K. Nguyen (admitted *pro hac vice*)<br>3175 Hanover Street<br>Palo Alto, CA  94304-1130<br>Email:  skrumplitsch@cooley.com<br>           lnguyen@cooley.com<br>Telephone:    (650) 843-5000<br>Facsimile:      (650) 849-7400 | One Market, Spear Street Tower<br>San Francisco, CA  94105<br>Email: benjamin.smith@morganlewis.com<br>Telephone:  (415) 442-1000 |
| *Attorneys for Plaintiff*<br>*AhR Pharmaceuticals, Inc.* | *Attorneys for Defendants*<br>*Shanghai Tangrun Pharmaceuticals, Co. Ltd.;*<br>*Shanghai Zhengene Pharmaceuticals, Co. Ltd.;*<br>*Shenzhen Chuangxin Huishi Biotechnology Co.,*<br>*Ltd. d/b/a Shenzhen Immunova*<br>*Pharmaceuticals.Co. Ltd.); and Suoming Zhang* |