IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────────────────────

AhR PHARMACEUTICALS, INC.,

              Plaintiff,

v.

SHANGHAI TANGRUN PHARMACEUTICALS,
CO., LTD., *et al.*,

              Defendants.

PRELIMINARY PRETRIAL
CONFERENCE ORDER

18-cv-1069-wmc

───────────────────────────────────────────────────────────────

    This court held a telephonic preliminary pretrial conference on May 21, 2019. Plaintiff appeared by Meg Vergeront and Susan Krumplitsch. Defendants appeared by Richard Bolton. The court set the schedule for this case and advised the parties that their conduct throughout this case is governed by this pretrial conference order and its attachments, which are available electronically in a hyperlink in the same docket entry as the order itself. Please note that occasionally Judge Conley makes changes to the attachments. As such, unless you do not have access to the attachments electronically (e.g., you are a pro se litigant), you should review the most *recent* version of the appropriate attachment to assure compliance when preparing summary judgment or other pre-trial submissions.

    The parties and their attorneys must at all times treat everyone involved in this lawsuit with courtesy and consideration. The parties must attend diligently to their obligations in this lawsuit and must reasonably accommodate each other in all matters so as to secure the just, speedy and inexpensive resolution of each proceeding in this matter as required by Fed. R. Civ. Pro. 1. Failure to do so shall have consequences.

1.     **Amendments to the Pleadings: June 28, 2019**

Amendments to the pleadings may be filed and served without leave of court through the date set forth above. After that, Federal Rule of Civil Procedure 15 applies, and the later a party seeks leave of the court to amend, the less likely it is that justice will require the amendment.

2.     **Disclosure of Experts: Proponents: December 20, 2019**

**Respondents: February 7, 2020**

All disclosures mandated by this paragraph must comply with the requirements of Rule 26(a)(2). There shall be no third round of rebuttal expert reports. Supplementation pursuant to Rule 26(e) is limited to matters raised in an expert's first report, must be in writing and must be served not later than five calendar days before the expert's deposition, or before the general discovery cutoff if no one deposes the expert. Any employee of a party who will be offering expert opinions during any phase of this case must comply with the requirements of Rule 26(a)(2)(B).

Failure to comply with these deadlines and procedures could result in the court striking the testimony of a party's experts pursuant to Rule 37. The parties may agree between themselves to modify these deadlines and procedures .

3.     **Deadline for Filing Dispositive Motions**: **February 21, 2020**

Dispositive motions may be filed and served by any party on any date up to the deadline set above. All dispositive motions must be accompanied by supporting briefs. All responses to

any dispositive motion must be filed and served within 21 calendar days of service of the motion. Any reply by the movant must be filed and served within 10 calendar days of service of the response. The parties may not modify this schedule without leave of court.

If any party files a motion for summary judgment, then all parties must follow this court's Summary Judgment Procedures, the most recent version of which is available as an attachment to this Order via hyperlink. The court will not consider any document that does not comply with its summary judgment procedure. A party may not file more than one motion for summary judgment in this case without leave of court.

Parties are to undertake discovery in a manner that allows them to make or respond to dispositive motions within the scheduled deadlines. The fact that the general discovery deadline cutoff, set forth below, occurs after the deadlines for filing and briefing dispositive motions is not a ground for requesting an extension of the motion and briefing deadlines.

4. **Discovery Cutoff: June 5, 2020**

Discovery is stayed until the court rules on the pending dismissal motions or until July 22, 2019, whichever comes first. All discovery in this case must be completed not later than the date set forth above, absent written agreement of all parties to some other date. Absent written agreement of the parties or a court order to the contrary, all discovery must conform with the requirements of Rules 26 through 37 and 45. Rule 26(a)(1) governs initial disclosures unless the parties agree in writing to the contrary.

The following discovery materials *shall not* be filed with the court unless they concern a motion or other matter under consideration by the court: interrogatories; responses to interrogatories; requests for documents; responses to requests for documents; requests for admission; and responses to requests for admission.

A party need not file a deposition transcript with the court until that party is using the deposition in support of some other submission, at which time the entire deposition must be filed. All deposition transcripts must be in compressed format. The court will not accept duplicate transcripts. The parties must determine who will file each transcript.

A party may not file a motion regarding discovery until that party has made a good faith attempt to resolve the dispute. All efforts to resolve the dispute must be set forth in any subsequent discovery motion filed with this court. By this order, the court requires all parties to a discovery dispute to attempt to resolve it quickly and in good faith. Failure to do so could result in cost shifting and sanctions under Rule 37.

This court also expects the parties to file discovery motions promptly if self-help fails. Parties who fail to do so may not seek to change the schedule on the ground that discovery proceeded too slowly to meet the deadlines set in this order.

All discovery-related motions must be accompanied by a supporting brief, affidavit, or other document showing a *prima facie* entitlement to the relief requested. Any response to a discovery motion must be served and filed within seven calendar days of service of the motion. Replies may not be filed unless requested by the court.

5. **Settlement Letters: June 5, 2020**

Not later than this date, each party must submit a confidential settlement letter to the clerk of court at clerkofcourt@wiwd.uscourts.gov. The letter should set forth the terms and conditions upon which that party would settle this case. These letters will not become part of the record in this case and will not be shared with the presiding judge or opposing counsel.

The clerk of court may independently initiate settlement discussions with counsel based upon the settlement letters. A party can also request mediation at any time, before or after settlement letters are filed, by contacting the clerk of court via e-mail or telephone at 608-261-5795.

6. **Rule 26(a)(3) Disclosures *and* all motions in limine: June 12, 2020**

   **Responses: June 26, 2020**

The first date is the deadline to file and serve all Rule 26(a)(3) disclosures, as well as all motions in limine, proposed voir dire questions, proposed jury instructions, and proposed verdict forms. All responses in opposition are due by the second date. The format for submitting proposed voir dire questions, jury instructions and verdict forms is set forth in the Jury Trial Procedures for Pretrial Submissions, the most recent version of which is available as an attachment to this Order via hyperlink.

7. **Final Pretrial Conference: July 7, 2020 at 4:00 p.m.**

Lead counsel for each party must appear in person. Any deposition that has not been filed with the Clerk of Court by the date of the final pretrial conference shall not be used by any party for any purpose at trial.

8.     **Trial: July 20, 2020 at 9:00 a.m.**

Trial shall be to a jury of eight and shall be bifurcated. The parties estimate that this case will take four days to try. Absent further order of this court, the issues to be tried shall be limited to those identified by the parties in their pretrial conference report to the court.

This case will be tried in an electronically equipped courtroom and the parties shall present their evidence using this equipment. Counsel shall ensure the compatibility of any of their personal equipment with the court's system prior to the final pretrial conference or shall forfeit their right to use any personal equipment that is not compatible with the court's system.

9.     **Reporting Obligation of Corporate Parties.**

All parties that are required to file a disclosure of corporate affiliations and financial interest form have a continuing obligation throughout this case promptly to amend that form to reflect any changes in the answers.

Entered this 24th day of May, 2019.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge